UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOLDSTAR LOGISTICS LLC,<br><br>                   Plaintiff,<br>   v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                   Defendant. | CASE NO. 2:25-cv-01030-LK<br><br>ORDER TO SHOW CAUSE |

This matter comes before the Court sua sponte. Defendant Amazon.com Services LLC ("Amazon") removed this case based on diversity. Dkt. No. 1 at 3–6 (citing 28 U.S.C. § 1332(a)(1)). However, the record does not show that complete diversity exists. Amazon is accordingly ordered to show cause why this case should not be remanded to the Superior Court of New Jersey, Law Division, Union County.

### I. DISCUSSION

Plaintiff Goldstar Logistics LLC ("Goldstar") filed its complaint on January 30, 2024 in the Superior Court of New Jersey, Law Division, Union County. Dkt. No. 1 at 2. On March 1, 2024, Amazon removed this case based on diversity jurisdiction. *Id.* at 3–4.

ORDER TO SHOW CAUSE - 1

Diversity jurisdiction exists over all civil actions when the matter in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Whenever a removing defendant invokes diversity jurisdiction, the district court strictly construes the general removal statute against removal. *See Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1056–57 (9th Cir. 2018). The presumption against removal based on diversity jurisdiction "means that the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).

Section 1332(a)(1) requires complete diversity; that is, each plaintiff must be a citizen of a different state than each of the defendants. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2004). Here, both parties are limited liability companies, which "have the citizenship of all of their owners/members[.]" *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 902 (9th Cir. 2006). Local Rule 7.1 requires a party to identify any member of the LLC and for any such member, "list those states in which the . . . members are citizens." *See* LCR 7.1(a)(1), (b); *see also* Fed. R. Civ. P. 7.1 & Advisory Committee notes to 2002 and 2022 amendments (requiring parties in a diversity action to "name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party," and noting that such information is crucial to "facilitate an early and accurate determination of jurisdiction").

The notice of removal properly includes the citizenship of Amazon's sole member, Amazon.com Sales, Inc., alleging that it "is incorporated in Delaware and has its principal place of business in Washington." Dkt. No. 1 at 2. The notice of removal fails to do the same for Goldstar. The notice of removal states that Goldstar "alleges in its Complaint that it is a New Jersey limited liability company, with its principal place of business" in Newark, New Jersey. *Id.* at 2; *see also* Dkt. No. 1-1 at 4–5 (same allegations in complaint). Neither the notice of removal nor the complaint identifies Goldstar's members or their citizenship. Amazon has thus failed to meet its

ORDER TO SHOW CAUSE - 2

burden of establishing jurisdiction. *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970) ("Failure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory.").

## II.    CONCLUSION

Amazon is ORDERED TO SHOW CAUSE by within 14 days of the date of this Order why this case should not be remanded due to lack of complete diversity between the parties.

Dated this 3rd day of June, 2025.

Lauren King
United States District Judge

ORDER TO SHOW CAUSE - 3