1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GOLDSTAR LOGISTICS LLC,<br><br>                    Plaintiff,<br>       v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                    Defendant. | CASE NO. 2:25-cv-01030-LK<br><br>ORDER TO SHOW CAUSE |

    This matter comes before the Court sua sponte. Plaintiff Goldstar Logistics LLC is not properly before the Court because it is required to be—but is not—represented by counsel authorized to practice in this district.

    This case was transferred into this district from the District of New Jersey on May 9, 2025. Dkt. No. 19. On May 30, 2025, the Deputy Clerk of this Court sent Goldstar's New Jersey attorneys a letter stating that they (1) had to "promptly" complete pro hac vice applications, and (2) associate local counsel in this district. Dkt. No. 20 at 1; *see also* LCR 83.1(d)(1) (a party represented by

ORDER TO SHOW CAUSE - 1

counsel appearing pro hac vice "must also be represented by local counsel"). Goldstar has not done either of these things in the intervening five weeks.

Business entities other than sole proprietorships must be represented by counsel and cannot proceed pro se. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 201–02 (1993); LCR 83.2(b)(4) ("A business entity, except a sole proprietorship, must be represented by counsel."). A business entity that is not represented by counsel may face "dismissal of the business entity's claims for failure to prosecute[.]" LCR 83.2(b)(4); *see also Omni Innovations, LLC v. Ascentive, LLC*, No. C06-1284-JCC, 2008 WL 11506654, at *1–2 (W.D. Wash. Apr. 30, 2008) (dismissing action that left an unrepresented business entity as the sole plaintiff).

In addition, Goldstar's inaction has impeded the expeditious resolution of this case. On May 30, 2025, the Court directed Goldstar to "file a Corporate Disclosure Statement by 6/6/2025," and if applicable, file a Diversity Disclosure Statement. *See* May 30, 2025 Minute Order. Goldstar has not filed those disclosure statements, which has hindered this Court's ability to evaluate its subject matter jurisdiction. *See* Dkt. No. 25.

Accordingly, within 14 days of the date of this Order, Goldstar must appear through counsel authorized to practice in this district and file its corporate disclosure/corporate diversity statement, or show cause why this case should not be dismissed for failure to prosecute. Otherwise, the Court will dismiss this case without prejudice.

The Clerk is directed to send a copy of this Order to Goldstar's New Jersey counsel.

Dated this 9th day of July, 2025.

*[signature: Lauren King]*

Lauren King
United States District Judge